UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.S., <br><br> Plaintiff, <br><br> v. <br><br> N.J. STATE TROOPER STEPHEN SPITALERI, *et al.*, <br><br> Defendants. | Civ. Action No.: 19-12397-BRM-LHG <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on Defendant N.J. State Trooper Stephen Spitaleri's ("Defendant") Emergent Motion to Dismiss and Sanction Plaintiff's Counsel (ECF No. 4) and follow-up letter, filed the same day, urging the Court to proceed with the motion on an emergent basis (ECF No. 5). Defendant argues such treatment is necessary in light of "Plaintiff's disregard of [Federal Rule of Civil Procedure] 10(a) coupled with her counsel's ongoing misconduct." (Def.'s Br. in Supp. of Mot. (ECF No. 4-1) at 2; *see also* ECF No. 5 (alleging "Plaintiff's counsel's recidivist flouting of the Federal Rules of Civil Procedure to advance his public relations/self-promotion strategy").) Indeed, the sole basis for Defendant's request for emergent treatment of the motion to dismiss relies on Plaintiff's filing of the Complaint using Plaintiff's own initials without permission of the Court, while simultaneously and publicly exposing Defendant.

The Court finds Defendant has not met his burden in establishing that injunctive relief in the form of emergent consideration of the motion to dismiss is necessary, having only alleged Plaintiff's violation of Rule 10(a) as the basis for such treatment. Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotation

1

marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain such relief, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. Having reviewed the motion and the subsequent letter, the Court finds no irreparable injury warranting immediate treatment of the motion to dismiss. Nevertheless, Plaintiff is ordered to file a formal motion to proceed under a pseudonym to be decided in due course by the Honorable Judge Lois H. Goodman.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 23rd day of May 2019,

**ORDERED** that Defendant's request for emergent treatment of the Motion to Dismiss is **DENIED**; the Motion to Dismiss (ECF No. 4) will be set for a regular briefing schedule with an automatic motion date to be set by the clerk and will be heard in due course; and it is further

**ORDERED** that Plaintiff shall file a formal motion to proceed under a pseudonym by no later than June 7, 2019, to be decided in due course by Judge Goodman.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
